IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Criminal Action No. 5:05CR63-01
                                                    (STAMP)

LANCE D. YOUNG,

    Defendant.

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S**
**ORDER TO DETAIN THE DEFENDANT AND**
**OVERRULING THE DEFENDANT'S OBJECTIONS**
**TO THE MAGISTRATE JUDGE'S ORDER**

I.    Background

The defendant, Lance D. Young, was indicted in a five-count indictment which included a forfeiture allegation on December 8, 2005. On December 16, 2005, the defendant was remanded to the custody of the United States Marshals Service pending an outstanding detainer from the State of New Jersey, following his initial appearance and arraignment before United States Magistrate Judge James E. Seibert. On August 2, 2006, the defendant filed a motion for a detention hearing. On August 8, 2006, the defendant filed a motion to continue the detention hearing, following which the magistrate judge rescheduled the detention hearing to August 16, 2006.

On August 16, 2006, the magistrate judge held a hearing on the defendant's motion, and entered an order on August 17, 2006, granting the United States' oral motion to detain. On August 28, 2006, the defendant filed an "appeal of magistrate judge's order

granting motion to detain" of the pretrial detention order entered by the magistrate judge on August 17, 2006. The United States filed a response, to which the defendant replied.

## II. Standard of Review

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial release order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." United States v. Stewart, 19 Fed. Appx. 46, 48, 2001 WL 1020779 (4th Cir. 2001) (citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992)). Accordingly, this Court has reviewed the record in this case, including a transcript of the detention hearing held before Magistrate Judge Seibert, and has made its own determination that the United States' oral motion to detain was properly granted.

## III. Discussion

Pursuant to 18 U.S.C. § 3142(e),

> [i]f after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. In a case described in subsection (f)(1)[1] of this section, a

---

[1] Title 18, United States Code, Section 3142(f)(1) states as follows:

> (f) Detention hearing. -- The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other

2

rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that --

    (1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

    (2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial of a Federal, State or local offense; and

---

person and the community --

    (1) upon motion of the attorney general for the Government, in a case that involves --

    (A) a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    (B) an offense for which the maximum sentence is life imprisonment or death;

    (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 <u>et seq.</u>), . . .; or

    (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

18 U.S.C. § 3142(f)(1).

> (3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.
>
> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)

18 U.S.C. § 3142(e).

After a careful review of the record in this criminal action, this Court finds that the elements of § 3142(e) and (f)(1) have been satisfied. First, this Court finds that the nature and circumstances of the offenses charged involve distribution of heroin and crack cocaine and possession of a firearm. Specifically, the offenses charged are ones in which the Controlled Substances Act prescribes a maximum term of imprisonment of ten years or more. See 18 U.S.C. § 3142(f)(1). Under subsection (e), it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community when there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. This Court finds that probable cause exists in this action because the weight of the evidence against the defendant was sufficient for the grand jury to indict him on

charges of distribution of heroin and crack cocaine. See e.g. United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991).

Further, the defendant did not rebut the presumption that he will not be a flight risk or endanger any person or the community. To meet its burden, the defendant must produce only "some [relevant] evidence." The Bail Reform Act of 1984 (3d ed. 2006)(quoting United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985)). The introduction of such evidence does not eliminate the presumption entirely, rather, the presumption remains "as one of the elements to be considered" by the court. Montgomery County Fire Bd. v. Fisher, 454 A.2d 394, 400 (1983). In this criminal action, this Court finds that the evidence presented by the defendant at the August 16, 2006 hearing did not show that there was something about the defendant's circumstances or the nature of the crime charged that would suggest that he is not dangerous or not likely to flee. See e.g. United States v. Daniels, 772 F.2d 382, 383 (7th Cir. 1985). At the hearing, the evidence presented by the defendant consisted of a witness that he had met in April 2006, while he was incarcerated at the regional jail.[2] The witness stated that the defendant could reside with her if he was released. This Court finds that this evidence does not overcome the presumption that the defendant is a flight risk. The defendant has no ties to West Virginia and has no reason to reside in West

---

[2]In April 2006, the witness, Raychel Edgel, and the defendant began corresponding when the witness was asked by her best friend to write to the defendant in jail.

5

Virginia with the witness, Raychel Edgel, and her two children. In addition, the defendant has a history of criminal violations. The defendant did not cease his criminal activities even when he was previously released on bond. From August 1994 until the present time, the defendant has failed to abide by any bond or parole terms and/or conditions that were implemented and this Court finds that the defendant has failed to show any evidence to the contrary.

Second, the defendant was on probation, parole or other release at the time of the current offense. Third, the defendant's criminal history consists of felony convictions for conspiracy, theft of a person, possession with intent to distribute marijuana, two counts of possession with intent to distribute within 1,000 feet of a school and reckless manslaughter. Finally, the defendant's family resides in New Jersey and the defendant is unemployed and has no financial resources.

This Court finds that the nature and seriousness of the crimes committed by the defendant and the defendant's criminal history indicate that he poses a significant danger to any person and the community. In addition, this Court finds that the defendant's family ties in New Jersey and his lack of employment or financial resources indicate that he is a flight risk. Accordingly, this Court finds that there is no condition or combination of conditions that would reasonably assure the appearance of the defendant as required and the safety of any person or the community.

In his objections to the magistrate judge's order granting the United States' oral motion to detain, the defendant argues that under § 3142(b) the defendant should be released on a personal recognizance bond because the section provides for a mandatory statutory preference for pretrial release. This Court finds that § 3142(b) provides for release on personal recognizance or unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." The defendant acknowledges this provision and argues that under § 3142(c) the defendant should be released on certain conditions.

As stated above, this Court found that there is no condition or combination of conditions that would reasonably assure the appearance of the defendant as required and the safety of any person or the community. Under subsection (f), the magistrate judge held a hearing to determine whether any condition or combination of conditions set forth in subsection (c) would reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Upon review of the hearing and the memoranda presented, this Court finds, by clear and convincing evidence,[3] that there is no condition or combination

---

[3] As often stated, clear and convincing evidence is a higher standard than proof by a preponderance, but not as high as the standard applied in a criminal trial, which is proof beyond a reasonable doubt.

of conditions set forth in subsection (c) that would reasonably assure the safety of any person and the community or assure the appearance of the defendant. Thus, the defendant's objections must be overruled under § 3142(b), (e) and (f).

Further, the defendant asserts that the United States did not file a formal motion for detention at the defendant's first appearance. This Court finds that, upon review of the record, the magistrate judge held a detention hearing at the defendant's arraignment on December 16, 2005. During the arraignment, the United States, by counsel Randolph Bernard, made an oral motion to detain the defendant. See e.g. United States v. Volksen, 766 F.2d 190 (5th Cir. 1985); United States v. Melendez-Carrion, 790 F.2d 984 (2d Cir. 1986)(permitting the motion to detain to be made orally). The magistrate judge ruled that the defendant was detained and remanded the defendant to the United States Marshals Service. Thus, the defendant's argument that the magistrate judge did not hold a detention hearing and that the United States did not make a motion to detain at the time of the indictment or arraignment is without merit. Accordingly, the defendant's objections to the magistrate judge's order are overruled.

For the reasons stated above, this Court AFFIRMS Magistrate Judge Seibert's August 17, 2006 order granting the defendant's motion for a detention hearing, granting the United States' oral motion to detain the defendant and remanding the defendant to the custody of the United States Marshals Service. It is further

8

ORDERED that the defendant's objections to the magistrate judge's order are OVERRULED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:   October 5, 2006

>                         /s/ Frederick P. Stamp, Jr.
>                         FREDERICK P. STAMP, JR.
>                         UNITED STATES DISTRICT JUDGE