IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Criminal Action No. 5:05CR63-01
                                                  (STAMP)
LANCE D. YOUNG,

    Defendant.

**ORDER CONFIRMING PRONOUNCED ORDER OF THE COURT
DENYING MOTION TO WITHDRAW AS COUNSEL**

On September 28, 2006, the defendant's counsel, Stephen D. Herndon, filed a motion to withdraw as counsel for the defendant, Lance D. Young. This Court addressed the motion at a hearing on October 3, 2006. At the hearing, the United States asserted that it opposed the defendant's counsel's motion to withdraw as counsel. After considering the defendant's requests, his counsel's responses, and the United States's contentions, this Court pronounced that the defendant's counsel's motion to withdraw as counsel was denied. This order confirms the pronounced order of the Court and explains the reason for this conclusion.

The Fourth Circuit has addressed the issue of withdrawal as counsel in United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). The court noted that a defendant's right to choose his attorney is not an absolute right. Id. (citing Sampley v. Attorney General of North Carolina, 786 F.2d 610, 612 (4th Cir.), cert. denied, 478 U.S. 1008 (1986)). Since the right to choose counsel is not absolute, the court in Mullen, 32 F.3d at 895, considered

three factors in evaluating whether counsel should be permitted to withdraw.  The court considered: (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the attorney-client privilege is "so great that it results in a total lack of communication preventing an adequate defense."  Id.

First, this motion is timely, with respect to the fact that Attorney Herndon filed the motion as soon as the defendant requested new counsel.  Second, this Court inquired into the basis of the defendant's dissatisfaction.  The defendant stated that he feels that he cannot trust his attorney because he lied to him about a potential witness and the filing of legal documents.  The record does not show that Attorney Herndon has provided ineffective assistance to the defendant during the preparation for trial.  The defendant asserted that his counsel failed to file a motion for a detention hearing until two months after the defendant requested that the motion be filed.  Attorney Herndon explained that he had complications with the filing system and did eventually file the motion for a detention hearing until about two months after the defendant requested the motion.  Finally, this Court finds that there has not been a total breakdown of communication preventing an adequate defense.  The record appears that attorney Herndon has been diligently preparing for trial and seeking out possible and probable witnesses to interview.  This Court finds that Attorney Herndon has been filing all the necessary pleadings in conformance

with the scheduling order.  Further, Attorney Herndon and the defendant are still communicating regarding trial strategy.  Thus, this Court finds that there has not been a breakdown in communication between the defendant and his counsel that would prevent an adequate defense.

For good cause shown, it is ORDERED that Attorney Stephen D. Herndon's motion to withdraw as counsel for the defendant, Lance D. Young, is hereby DENIED.

The Clerk is directed to transmit a copy of this order to counsel of record herein and to the defendant.

DATED:  October 6, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE