IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:05CR63-01
                                            (STAMP)
LANCE D. YOUNG,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**

I. <u>Background</u>

The defendant, Lance D. Young, was indicted in a five-count indictment which included a forfeiture allegation on December 8, 2005. On December 16, 2005, the defendant was remanded to the custody of the United States Marshals Service pending an outstanding detainer from the State of New Jersey, following his initial appearance and arraignment before United States Magistrate Judge James E. Seibert. On August 2, 2006, the defendant filed a motion for a detention hearing. On August 8, 2006, the defendant filed a motion to continue the detention hearing, following which the magistrate judge rescheduled the detention hearing to August 16, 2006.

On August 16, 2006, the magistrate judge held a hearing on the defendant's motion, and entered an order on August 17, 2006, granting the United States' oral motion to detain. The defendant objected to this order and this Court affirmed the magistrate judge's order to detain.

On January 15, 2007, the defendant filed a motion for bail pending appeal.[1]

After a careful review of the defendant's motion and the applicable law, this Court finds that the defendant's motion must be denied.

## II. Applicable Law

Title 18, United States Code, Section 3143(b) states that:

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained, unless the judicial officer finds --

    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released under section 3142(b) or (c) of this title; and

    (B) that the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in --

        (i) reversal,

        (ii) an order for a new trial,

        (iii) a sentence that does not include a term of imprisonment, or

        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title,

---

[1] The defendant was sentenced on January 24, 2007 to 420-months incarceration. On that same day, the defendant filed a notice of appeal.

except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained.

18 U.S.C. § 3143(b).

### III. Discussion

In his motion for bail pending appeal, the defendant argues that he has demonstrated that he poses no risk of flight and is not a danger to the community and that a "ruling adverse to the United States is likely to result in reversal or an order for a new trial."

After a careful review of the record in this criminal action, this Court finds that the elements of § 3143(b) have not been satisfied.

First, this Court finds that the defendant did not rebut the presumption that he will not be a flight risk or endanger any person or the community. To meet its burden, the defendant must produce only "some [relevant] evidence." The Bail Reform Act of 1984 (3d ed. 2006)(quoting United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985)). The introduction of such evidence does not eliminate the presumption entirely, rather, the presumption remains "as one of the elements to be considered" by the court. Montgomery County Fire Bd. v. Fisher, 454 A.2d 394, 400 (1983). In this

criminal action, this Court finds that the evidence presented by the defendant at the magistrate judge's August 16, 2006 hearing did not show that there was something about the defendant's circumstances or the nature of the crime charged that would suggest that he is not dangerous or not likely to flee. See e.g. United States v. Daniels, 772 F.2d 382, 383 (7th Cir. 1985).

At the hearing, the evidence presented by the defendant consisted of a witness that he had met in April 2006, while he was incarcerated at the regional jail.[2] The witness, Raychel Edgel ("Edgel"), stated that the defendant could reside with her if he was released. This Court finds that this evidence does not overcome the presumption that the defendant is a flight risk. The defendant has no ties to West Virginia and has no reason to reside in West Virginia with the witness, Edgel, and her two children. In addition, the defendant has a history of criminal violations. The defendant did not cease his criminal activities even when he was previously released on bond. From August 1994 until the present time, the defendant has failed to abide by any bond or parole terms and/or conditions that were implemented and this Court finds that the defendant has failed to show any evidence to the contrary.

Second, this Court finds that the appeal does not raise a substantial question of law or fact that is likely to result in reversal, an order for a new trial, a sentence that does not

---

[2] In April 2006, the witness, Raychel Edgel, and the defendant began corresponding when the witness was asked by her best friend to write to the defendant in jail.

include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In his notice of appeal, the defendant argues that this Court committed prejudicial error by failing to suppress evidence acquired as a result of a series of searches; by failing to suppress evidence of a search of the defendant's person on August 16, 2007; by permitting introduction of evidence by the government of two prior convictions of the defendant for drug offenses in trial under Federal Rule of Evidence 404(b); by this Court's ruling on the admissibility of evidence of the defendant's prior conviction for reckless manslaughter under Federal Rule of Evidence 609; and this Court's failure to recognize "its authority to depart downward pursuant to U.S.S.G. 4A1.3 under the objections to the presentence report or motion for departure filed by the defendant." (Def.'s Mot. to Appeal at 2, Doc. No. 217.)

This Court has reviewed each issue listed by the defendant and has provided the defendant with a detailed ruling either in a written order or at a hearing. The defendant does not provide any case law or additional facts to support his position that this Court erred in its rulings. Further, this Court finds that the law is well settled on these issues and there are no issues raised by the defendant that are likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less

than the time he is expected to serve during the appeal process. Accordingly, the defendant's motion for bail pending trial must be denied.

IV. Conclusion

For the reasons stated above, this Court finds that the defendant's motion for bail pending appeal is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant, to the United States Marshals Service and to counsel of record herein.

DATED:    May 15, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE