IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


LANCE D. YOUNG,

          Petitioner,

v.                                    Civil Action No. 5:09CV116
                                      (Criminal Action No. 5:05CR63)
UNITED STATES OF AMERICA,                                   (STAMP)

          Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

Currently pending before this Court is the report and
recommendation of United States Magistrate Judge John S. Kaull on
the disposition of the motion of Lance D. Young to vacate, set
aside, or correct a sentence by a person in federal custody
pursuant to 28 U.S.C. § 2255.  The petitioner, who is appearing pro
se,[1] asserts ten grounds in support of his § 2255 motion, including
ineffective assistance of counsel, prosecutorial misconduct, and
insufficient evidence to convict, among others.

On October 16, 2006, after a four-day trial, the petitioner
was convicted of four counts in a five-count indictment: Count One,
conspiracy to possess with intent to distribute in excess of 100
grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B);

---

[1] "Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1341 (9th ed. 2009).

Count Two, possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count Three, aiding and abetting the possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(C), and 18 U.S.C. § 2; and Count Five, possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). This Court sentenced the petitioner to 360 months imprisonment on Counts One, Two, and Three, to run concurrently, and 60 months imprisonment on Count Five, consecutive to the term of imprisonment imposed for Counts One, Two, and Three, to be followed by eight years of supervised release.

On January 24, 2007, the petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, arguing that the district court erred in denying his motions to suppress. The Fourth Circuit affirmed the judgment of the district court. The petitioner then filed a petition for rehearing en banc, which was denied. Next, the petitioner filed a petition for a writ of certiorari with the Supreme Court of the United States, which was also denied.

On October 29, 2009, the petitioner filed his § 2255 motion. Magistrate Judge Kaull conducted a preliminary review and found that summary dismissal was not warranted. Thus, he directed the respondent to answer. Subsequently, the petitioner filed a motion to amend his § 2255 motion. The government voiced no objection to

the motion to amend, but requested an extension of time for its own response.  After the magistrate judge granted his motion to amend, the petitioner filed an amended motion titled "Supporting Argument in 2255 Motion."  The petitioner raises the following issues: (1) prosecutorial misconduct occurred when the Assistant United States Attorney ("AUSA") made improper comments intended to mislead the jury; (2) there was insufficient evidence to support the finding of the § 924(c) charge in the indictment; (3) trial counsel was ineffective for failing to challenge the § 924(c) charge, for failing to investigate, and for failing to object and preserve as issues for appeal the prosecution's misconduct; (4) appellate counsel was ineffective for failing to argue the precedential case of <u>Watson v. United States</u>, 552 U.S. 74 (2007) on appeal, for failing to obtain a complete set of transcripts, and for failing to challenge Count Five of the indictment.[2]  As relief, the petitioner requests a new trial, that the indictment be dismissed, that his convictions on Counts Two and Five be vacated, and any other relief the court might grant, and/or an evidentiary hearing.

The government filed a response to the petitioner's § 2255 motion, in which it argues: (1) trial counsel was not ineffective since there was no basis to challenge, either through Rule 12(b) or pretrial motion, Count Five of the indictment; (2) trial counsel

---

[2]The petitioner's trial counsel was Stephen D. Herndon.  The petitioner's appellate counsel was Elgine H. McArdle.

was not ineffective since there was no basis for attacking the grand jury process, particularly the returning of a true bill on Count Five; (3) petitioner's allegation that counsel did not fully investigate matters is without merit since the records to which the defendant referred were ultimately admitted in full, and counsel for the defendant did pursue examination based upon the complete records; (4) petitioner's argument that counsel was ineffective by failing to argue or preserve precedent case law is without merit; (5) petitioner's argument that appellate counsel somehow committed reversible error in failing to obtain the entire trial transcript is without merit; (6) appellate counsel was not ineffective and had no basis in which to challenge the substance of the indictment with respect to Count Five; (7) appellate counsel was not ineffective since there was no basis upon which to attack the evidentiary foundation of Count Five; and (8) petitioner's claim that the AUSA made improper comments before the jury is without merit. In his reply, the petitioner reiterates his claims previously made in his § 2255 motion and attempts to refute the government's position on the same.

The magistrate judge issued a report and recommendation addressing each of the petitioner's arguments and ultimately recommending that the petitioner's § 2255 motion be denied and dismissed with prejudice. Further, the magistrate judge recommended that the petitioner's request for a new trial, request

that the indictment be dismissed, request that his convictions on Counts Two and Five be vacated, and request for an evidentiary hearing be denied as moot. The magistrate judge informed the parties that if they objected to any portion of his recommendation, they could file written objections within fourteen days after being served with a copy of the recommendation. The petitioner filed lengthy objections to the report and recommendation, reiterating many of his previous arguments.

For the reasons set forth below, this Court agrees with the magistrate judge's findings and, accordingly, overrules the petitioner's objections and affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed timely objections, this Court reviews <u>de novo</u> the magistrate judge's report and recommendation.

## III.  Discussion

### A.  Procedurally Barred Claims

Before delving into the merits of the petitioner's claims, the magistrate judge first determined which claims were procedurally barred.  The magistrate judge correctly stated that non-constitutional issues that could have been raised on direct appeal but were not may not be raised in a § 2255 motion.  See Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (internal citations omitted); see also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994) (stating that in order to proceed on a § 2255 motion based on trial errors to which no contemporaneous objection was made, a defendant must show both cause excusing his procedural default and actual prejudice resulting from the errors of which he complains).

After discussing the petitioner's burden to show cause and actual prejudice, the magistrate judge concluded that unless the petitioner can show cause and prejudice for the default, the petitioner's Ground One claim of prosecutorial misconduct and his Ground Two claim of insufficient evidence to support the § 924(c) charge are procedurally defaulted because they could have been, but were not, raised on appeal.  Accordingly, the magistrate judge

6

reviewed each of the petitioner's claims to determine if he was prejudiced by his counsel's alleged failures.

    1.  <u>Ground One</u>[3]

    The petitioner contends that prosecutorial misconduct occurred when the AUSA made improper comments during his closing argument intended to mislead the jury.  Specifically, the petitioner argues that in his closing argument, the AUSA inaccurately stated that the petitioner had sold 32 handguns and had traded weapons for heroin in the past.  The magistrate judge reviewed the two-pronged test to determine whether a prosecutor's misconduct in closing argument makes the resulting conviction a denial of due process.  <u>See</u> <u>United States v. Wilson</u>, 135 F.3d 291, 297 (4th Cir. 1998) ("[A] defendant 'must show [1] that the [prosecutor's] remarks were improper and [2] that they 'prejudicially affected the defendant's substantial rights so as to deprive [him] of a fair trial.'").  The magistrate judge also discussed the factors relevant to a determination of whether a defendant's substantial rights were prejudiced to the point that he did not receive a fair trial.  <u>Id.</u> at 299.

    After reviewing the trial transcript, the magistrate judge concluded that the petitioner's challenge to the AUSA's comments

---

    [3]The petitioner's original § 2255 motion sets forth ten grounds on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States.  (ECF No. 1).  For the sake of clarity, the magistrate judge reordered the petitioner's claims.  This opinion discusses the claims in the order presented in the report and recommendation.

during closing argument has no merit.  Although the phrase "32 handguns" appears in the trial transcript, it is clear from the context surrounding this phrase that the AUSA was referencing the .32 caliber handgun that was stolen when the petitioner's house was broken into.  (Trial Tr. 153:15-20, Oct. 16, 2006.)  This statement was based upon the testimony of Marlana Grose, who confirmed the theft of a handgun. (Trial Tr. 436:1-8, Oct. 13, 2006.)  The magistrate judge found no evidence to support the petitioner's contention that the AUSA's statement so infected the trial with unfairness that the petitioner's conviction was a denial of due process.  The magistrate judge also noted that the jury was instructed by the Court that closing arguments by counsel are not evidence.

The magistrate judge next addressed the petitioner's contention that the AUSA improperly made reference to a prior conviction for reckless manslaughter during his closing argument. The magistrate judge held that this claim has no merit as well, because the AUSA never mentioned the petitioner's prior conviction for reckless manslaughter.

The petitioner also alleges that the AUSA made false statements during the direct examination of Detective Connors. Specifically, the petitioner argues that the AUSA made a false claim regarding a HiPoint firearm in order to correct Detective Connors' testimony.  After reviewing the relevant portion of

Detective Connors' testimony, the magistrate judge concluded that the AUSA's statement to the witness was of no consequence, because it is clear that Detective Connors simply misnamed the gun that he was identifying. There is no evidence to suggest that the jury was misled by the AUSA's remark, which was nothing more than an attempt to clarify the witness' testimony.

In conclusion, the magistrate judge found that the petitioner's claims of prosecutorial misconduct have no support in the record, that no due process violation on that ground exists, and that these claims should be denied. Further, the magistrate judge determined that the claims encompassed in Ground One could have been raised on direct appeal but were not, therefore, they are now procedurally barred.

In his objections, the petitioner first argues that the magistrate judge erred by concluding that Grounds One and Two were procedurally barred without first providing the petitioner with notice or an opportunity to be heard. According to the petitioner, he was denied a fair opportunity to show why there was cause for not raising these claims on appeal. (Pet'r's Objections 3.) This Court finds this objection to be without merit. Pursuant to Rule 4 of the Rules Governing § 2255 Cases, the "district court may dismiss a habeas petition sua sponte as part of its preliminary consideration." United States v. Bendolph, 409 F.3d 155, 170 (3d Cir. 2005). Contrary to the petitioner's allegation, the

magistrate judge did <u>not</u> dismiss the petitioner's claim sua sponte. Instead, the magistrate judge reviewed the record and the pleadings of both parties and determined that the petitioner's claims of prosecutorial misconduct are now procedurally barred as they were not raised on direct appeal. As the magistrate judge explained, "a collateral challenge may not do service for an appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982). Thus, the petitioner cannot use his § 2255 motion as a vehicle for a new trial on these claims. Further, this Court agrees with the magistrate judge that the petitioner's claims of prosecutorial misconduct are frivolous. Therefore, even if these claims were not procedurally barred, they would nevertheless fail.

The petitioner further objects to the magistrate judge's findings regarding Ground One on the basis that the magistrate judge improperly injected his own opinion in construing the prior testimony of Marlana Grose. (Pet'r's Objections 5.) In reviewing the petitioner's claim that the AUSA improperly referenced the sale of 32 handguns in his closing argument, the relevant portion of the trial transcript reveals that the petitioner misquoted the AUSA's closing argument. In fact, the AUSA referenced "32 handguns that eventually was [sic] stolen when the house was broke into." (Trial Tr. 153:17-19, Oct. 16, 2006.) It is clear to this Court that the magistrate judge's conclusion that the AUSA never claimed the petitioner sold 32 handguns is based upon the trial transcript

10

itself, not "a contribution from his experience." Thus, the petitioner's objection must be overruled.

Next, the petitioner claims that the magistrate judge improperly misquoted the record. Despite the fact that the record is clear, the petitioner continues to assert that the AUSA improperly stated that he sold 32 handguns. However, it is clear from the trial transcript that the AUSA's statement referenced the .32 caliber handgun that had been stolen from the petitioner's house, as explained by the witness Marlana Gross. (Trial Tr. 153:17-19, Oct. 16, 2006); (Trial Tr. 436:1-8, Oct. 13, 2006.) At no point does the magistrate judge, or anyone else, claim that the petitioner ever sold 32 handguns. Therefore, the petitioner's objection must be overruled.

The petitioner also objects to the magistrate judge's finding that the AUSA's comments concerning his prior convictions were not improper and did not cause prejudice to the petitioner. Again, the petitioner points to the AUSA's comment that the defendant had traded weapons for heroin in the past. According to the petitioner, this comment misled the jury into believing that this was the petitioner's third conviction. (Pet'r's Objections 7.)

This Court finds that this objection has no merit. As the report and recommendation explains, the petitioner's prior convictions were mentioned, pursuant to Rule 404 of the Federal Rules of Evidence, during United States Probation Officer Joseph

McIntyre's testimony. Officer McIntyre confirmed that the petitioner had been convicted of distributing marijuana, and of two counts of possession with intent to distribute a controlled substance within 1,000 feet of a school. No mention was ever made of the petitioner's conviction for reckless manslaughter. Prior to this testimony, the Court provided the jury with a limiting instruction regarding the purpose for which they could consider the evidence of the petitioner's prior convictions. Specifically, the Court informed the jury that they could consider the evidence of the petitioner's prior crimes to prove his motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or accident. The jury was explicitly told <u>not</u> to conclude from the evidence of the petitioner's prior convictions that he was more likely to have committed the crimes with which he was charged. Given this background, it is clear that the AUSA's reference to the petitioner's prior conviction for possession with intent to distribute drugs in his closing argument was proper, as it was based upon the testimony of Officer McIntyre. The petitioner has failed to show that the government made any comment intending to mislead the jury with regard to his prior convictions, so his objection must be overruled.

    2.    <u>Ground Two</u>

    The last contention asserted by the petitioner in his original § 2255 motion is that there was insufficient evidence to support a

finding of the § 924(c) charge in the indictment. The petitioner argues that to convict him on Count Five, the government must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense. According to the petitioner, because he merely traded drugs for firearms, he did not fulfill the "use" or "possess in furtherance of promoting the underlying offense" requirement of § 924(c)(1)(A).

After reviewing the record, particularly the testimony of Marlana Grose and Detective Robert W. Connors, the magistrate judge concluded that there was ample evidence to convict the petitioner under § 924(c)(1). The petitioner was charged with, convicted of, and sentenced for possessing a firearm during or in relation to a drug trafficking crime and in its furtherance. The jury was properly instructed on the term "possession" and the petitioner's possession of a firearm in furtherance of his drug business was more than adequately proven. Moreover, because this claim could have been raised on appeal and because the petitioner failed to demonstrate his counsel's failure to raise this issue on direct appeal fell below an objective standard of reasonableness or prejudiced him, the claim is procedurally barred.

In his objections, the petitioner argues that in order to convict him under § 924(c), there must be "a relationship between the possession of the firearm and its standard of participation." (Pet'r's Objections 7.) It seems that the petitioner is attempting

to argue that his purchase of a handgun for Marlana Grose to use for protection cannot be considered possession for purposes of § 924(c).

Based upon the testimony of Marlana Grose and Detective Connors, it is clear that the handgun purchased by the petitioner for Marlana Grose to use as protection was not the only weapon upon which the possession charge was founded. The indictment itself lists an array of weapons, many of which were found in the petitioner's apartment, along with currency, drugs, and drug trafficking paraphernalia. In determining whether firearms are possessed in furtherance of a drug trafficking crime, the jury can consider: "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009). The evidence at trial established that the petitioner both sold drugs and possessed firearms. The petitioner's objection, which focuses solely on the small handgun purchased for Grose, does nothing to explain the other firearms found in his apartment alongside drugs and money. Thus, the petitioner's objection must be overruled.

The petitioner also objects to the magistrate judge's conclusion that the Court properly instructed the jury on the terms "possession," "use," and "carry" under § 924(c). The petitioner argues that the Court instructed the jury in a way that "intermixed the elements of the 'possession' with the 'in relation to any such crime, possession of a firearm . . . .'" (Pet'r's Objections 9.) The petitioner also contends that the jury instructions do not properly distinguish between what constitutes "use" and what constitutes "possession." (Pet'r's Objections 10.)

In its instructions, this Court detailed the charges against the petitioner, including the § 924(c) charge, and spent a significant amount of time explaining the elements required to establish the offense charged in each count. With regard to Count Five, the Court explained:

> To find the defendant guilty of this charge, the government must prove three elements beyond a reasonable doubt: First, the defendant knowingly possessed a firearm; second, the possession of the firearm was during or in relation to a drug trafficking crime; and, third, that the possession was in furtherance of the drug trafficking crime.

(Trial Tr. 222: 19-25, Oct. 16, 2006.) After explaining the definition of the term "firearm," this Court then reviewed the types of evidence that the jury could consider in determining whether the defendant possessed a firearm during or in relation to a drug trafficking crime and in its furtherance:

> This would include evidence, if any, that a firearm was brandished, displayed, bartered, fired, specifically

15

referred to, or the otherwise active employment of the
firearm during or in relation to the drug trafficking in
question, which is the possession of heroin with the
intent to distribute as alleged in Count 2 . . . .
Regarding proof that the alleged firearm was possessed
during or in relation to a drug trafficking crime, namely
possession with intent to distribute heroin, falls within
the statutory definition of a drug trafficking crime.
Therefore, if you conclude beyond a reasonable doubt that
the defendant knowingly possessed a firearm during or in
relation to drug trafficking crime and in further of
same, you may return a verdict of guilty.

(Trial Tr. 223:13-15; 224:1-8, Oct. 16, 2006.)    In explaining

whether the defendant possessed a firearm, this Court stated:

[Y]ou may consider all the factors received in evidence
in the case, including the nature of the underlying drug
trafficking alleged in Count 2, the proximity of the
defendant to the firearm in question, the usefulness of
the firearm to the crime alleged, and the circumstance
surrounding the presence of the firearm.

(Trial Tr. 224:10-15, Oct. 16, 2006.)  The Court then went on to

explain simple possession, sole possession, joint possession, and

constructive possession:

[A] person, although not in actual possession, has
constructive possession of a thing, in this case, a
firearm, when he exercises or has the power to exercise
dominion and control over that firearm, and has knowledge
of the firearm's presence . . . .  Knowledge of the
firearm's presence may be inferred from the totality of
the circumstances in this case, including the defendant's
ownership or dominion and control over the property where
the firearm is located.

(Trial Tr. 227:9-18, Oct. 16, 2006.)

Upon reviewing the jury charge, this Court finds no merit to

the petitioner's argument that the jury instruction is faulty.  The

jury instructions clearly explain the elements of each offense,

define the terms of those elements, and clarify the evidence that can be considered to prove each element. The Court gave lengthy and specific instructions regarding "possession" and at no point is that term confused with "use," as the petitioner suggests. This Court agrees with the magistrate judge that the fact that the petitioner possessed a firearm in furtherance of his drug business was more than adequately proven. For these reasons, the petitioner's objection must be overruled.

B.    <u>Ineffective Assistance of Trial Counsel Claims</u>

    1.    <u>Ground Three (a) and (b)</u>

The first two grounds of the petitioner's § 2255 motion assert: (1) Ineffective assistance of counsel -- failure to challenge improper charge on Indictment (924(c) Count 5); and (2) Ineffective assistance of counsel -- failure to challenge basis on Count 5 for 924 charge. The petitioner alleges that his trial counsel violated his Sixth Amendment right to effective assistance of counsel by failing to challenge the basis of the § 924(c) count under Rule 12(b) of the Federal Rules of Criminal Procedure. The petitioner further argues that the witness testimony at the grand jury proceeding does not support any foundation for a § 924(c) charge.

After reviewing the two-part test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), for determining whether a convicted person is entitled to relief on the ground that his

counsel rendered ineffective assistance, the magistrate judge concluded that the petitioner's arguments fail. The magistrate judge found that the § 924(c) violation was properly charged, was appropriate, and was amply proven with substantial evidence. As such, the petitioner's trial counsel cannot be faulted for failing to challenge it.

In his objections to the magistrate judge's findings on Ground Three (a) and (b), the petitioner reasserts his contention that the jury instruction on possession of a firearm during or in relation to a drug trafficking crime was not appropriate because it utilized one element from each of the two distinct § 924(c) offenses. See United States v. Woods, 271 F. App'x 338, 343 (4th Cir. 2008) (finding that § 924(c) creates distinct "use and carry" and "possession" offenses). The petitioner argues that, at a minimum, his trial counsel should have raised this issue to preserve it for appeal. (Pet'r's Objections 11.)

As discussed above, this Court finds that the jury was properly instructed as to Count Five of the indictment, charging the petitioner with possession of a firearm in relation to a drug trafficking offense. As the Court stated in Woods, "despite the substitution at certain points of the 'during or in relation to' language for the 'in furtherance' language, the jury instructions on the whole make clear that, to reach a guilty verdict on the § 924(c) offenses, the jury had to find that a firearm was

possessed 'in furtherance of' a drug trafficking crime." <u>Woods</u>,
271 F. App'x at 344.   In this case, the Court used the "in
furtherance of" language when it recited the elements of Count
Five, and also in describing the petitioner's knowing possession of
a firearm.   (Trial Tr. 222:24; 224:7, Oct. 16, 2006.)   In his
closing argument, the prosecutor discussed whether the possession
of the firearm "furthered the crime."   (Trial Tr. 207:1-15, Oct.
16, 2006.)   Because the Court properly instructed the jury as to
Count Five, this Court rejects the petitioner's argument that his
counsel was ineffective in failing to challenge the charge.

   2.   <u>Ground Three (c)</u>

   Ground Three of the petitioner's original § 2255 motion
asserts that his trial counsel was ineffective in failing to
investigate, which caused incomplete evidence to be introduced at
trial.   According to the petitioner, his counsel's introduction of
a one-page motel record during the cross-examination of the
government's key witness damaged his case.   The petitioner contends
that had his counsel performed a more thorough investigation, she
would have realized that his records were incomplete.

   As the magistrate judge correctly stated, claims of
ineffective assistance of counsel for failure to investigate are
analyzed in light of all circumstances, "applying a heavy measure
of deference to counsel's judgments." <u>Yarbrough v. Johnson</u>, 520
F.3d 329, 338 (4th Cir. 2008).   In considering claims of

ineffective assistance of counsel for failure to investigate, "[w]e address not what is prudent or appropriate, but only what is constitutionally compelled." Burger v. Kemp, 483 U.S. 776, 794 (1987) (quoting United States v. Cronic, 466 U.S. 648, 665 n.38 (1984)).

A review of the record reveals that at trial, defense counsel was unaware of the fact that the motel records she introduced were incomplete. (Trial Tr. 507:16-15; 508:1, Oct. 13, 2006.) Even acknowledging that the petitioner's counsel had incomplete motel records, this Court finds that the petitioner has failed to demonstrate any deficiency or prejudice. The motel stay dates were a minor point that had little to do with the bulk of the evidence introduced against the petitioner. Although the petitioner's counsel was unable to impeach the witness' credibility by showing discrepancies in the dates of the motel stays, his counsel did successfully draw other admissions from the witness that called her credibility into question. Importantly, the petitioner has failed to show that his counsel's conduct was deficient or prejudicial because he has failed to identify what physical or testimonial evidence related to the motel records gave rise to counsel's duty to further investigate the completeness of them. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990).

The petitioner does not object to the magistrate judge's conclusion regarding the failure to investigate claim. This Court

finds no clear error in the magistrate judge's finding, and thus, affirms the holding that the petitioner has failed to demonstrate that his counsel's conduct was deficient or prejudicial in failing to investigate.

3.   Ground Three (d)

Ground Nine of the petitioner's original § 2255 motion, the last of the petitioner's ineffective assistance of trial counsel claims, alleges that his counsel was ineffective for "Failure to Preserve or Argue Improper Comments by the Prosecution."  The petitioner argues that during its closing argument, the government made a number of improper comments that infected the trial with unfairness and made the resulting conviction a denial of due process.   Again, the petitioner claims that the prosecutor wrongfully commented to the jury during his closing argument that the petitioner had sold 32 handguns.   The petitioner also reiterates his previous argument that the prosecutor caused Detective Connors to change his testimony when he referenced the HiPoint model firearm.  According to the petitioner, his counsel erred in failing to object to these improper comments.

Because the magistrate judge had already determined that the AUSA's remarks during closing argument were not improper, the magistrate judge found that counsel could not be deficient for failing to object, and the petitioner suffered no prejudice.  The magistrate judge also found that the government had appropriately

answered the allegations made in the petitioner's motion and that none of the grounds had been conceded.

In his objections, the petitioner once again argues that the government failed to respond to his contention that trial counsel was ineffective for failing to object to the prosecution's improper comments, and thus, the magistrate judge improperly decided this issue.

This Court finds the petitioner's objection to be without merit, as subheading H of the government's response to the petitioner's § 2255 motion addresses the improper comments allegedly made before the jury. Although this section does not directly discuss whether the petitioner's trial counsel was ineffective in failing to object to the allegedly improper comments, it does set forth, in detail, the government's contention that these comments were not improper, because they did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Francisco, 35 F.3d 116, 120 (4th Cir. 1994). As stated in the report and recommendation, the United States is not required under the Rules Governing Section 2255 Proceedings to respond to each and every separate claim individually. In a case such as this, where the petitioner's numerous claims are largely based on the same factual premise, it is not uncommon or unreasonable for the respondent to group certain claims together, or rely on the argument in one claim

as a basis for dismissal of another similar claim. See Polanco v. United States, No. 00CV0190SJ, 2005 WL 1229255, at *4 (E.D.N.Y. May 23, 2005) ("Having already met its burden of proving Petitioner's guilty at trial, and having prevailed again on direct appeal, the government is not, at this state, responsible for proving its case against Petitioner yet again in response to any and every vague and unsubstantiated claim that Petitioner decides to set forth. Rather, on a motion to vacate a sentence, the petitioner has the burden of showing that he is entitled to relief."). This Court finds that the United States adequately addressed the petitioner's argument regarding ineffective assistance of counsel for failure to object to the prosecution's improper comments. Therefore, the petitioner's objection must be overruled.

C.    Ineffective Assistance of Appellate Counsel Claims

    1.    Ground Four (a)

The petitioner contends that appellate counsel refused to argue the precedential case of Watson v. United States, 552 U.S. 74 (2007), in order to exonerate his conviction on Count Five of the indictment. According to the petitioner, the Supreme Court decided the Watson case before the Fourth Circuit issued a decision in his case, and yet, his appellate counsel refused to apply it.

The magistrate judge first noted that the standard for effective assistance of appellate counsel is the same as the standard for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164

23

(4th Cir. 2000). On review, however, appellate counsel is accorded "a presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568, (4th Cir. 1993). The magistrate judge found that the petitioner's claim has no support in fact or law because the Watson decision was issued by the Supreme Court after both the petitioner and the United States had already submitted their briefs on appeal. Accordingly, appellate counsel could not rely on Watson on appeal because it was not yet available. Additionally, the magistrate judge stated that the facts of Watson are substantially different from the facts of this case.

In his objections, the petitioner argues that Watson was decided two to three months before his case was submitted to the Fourth Circuit Court of Appeals, and fourteen days after appellate counsel submitted her reply brief. Thus, because Watson was an intervening change in controlling law as to Count Five, appellate counsel should have moved for a limited remand or a voluntary dismissal.

Watson v. United States was decided by the Supreme Court of the United States on December 10, 2007. An examination of the docket sheet in Criminal Action No. 5:05CR63 reveals that the petitioner filed his notice of appeal of his conviction and sentence to the Fourth Circuit on January 24, 2007. The Fourth Circuit issued an unpublished opinion affirming the petitioner's

conviction on May 15, 2008. A review of the general docket for the United States Court of Appeals for the Fourth Circuit shows that the petitioner filed his brief of the appellant on September 7, 2007 and the government filed its brief of the appellee on October 31, 2007. The petitioner then filed a reply brief on November 26, 2007. Because the briefing on the petitioner's appeal had been completed before the <u>Watson</u> decision was issued, this Court does not find appellate counsel ineffective for failing to raise <u>Watson</u>. Moreover, even if appellate counsel had cited to <u>Watson</u> in supplemental briefing, it would not have changed the outcome, as <u>Watson</u> is distinguishable from the instant case. Specifically, in <u>Watson</u>, the Supreme Court held that a person who trades his drugs for a gun does not "use" a firearm during and in relation to a drug trafficking crime within the meaning of § 924(c). However, the <u>Watson</u> Court did not address the "possession in furtherance of a drug trafficking crime" prong of § 924(c), which is what the petitioner is this case was charged with.

    2.  <u>Ground Four (b)</u>

Next, the petitioner asserts that his appellate counsel was ineffective for failing to obtain a complete set of trial transcripts. The petitioner contends that in April 2008 he requested copies from his appellate counsel of the trial proceeding, all witness testimony, sentence transcripts, opening statements, closing arguments, voir dire, and the jury charge.

However, according to the petitioner, appellate counsel only provided him with the witness' testimony, closing arguments, and a miscellaneous document that he did not request. Had counsel obtained a complete record, the petitioner argues, she would have noticed that the petitioner was prejudiced at different phases of the trial proceeding.

In his report and recommendation, the magistrate judge first stated that there is a presumption that appellate counsel examined the record with a view to selecting the most promising issues for review. <u>Jones v. Barnes</u>, 463 U.S. 745, 752 (1983). Since the issues the petitioner now raises lack merit, the magistrate judge concluded that the failure of appellate counsel to choose them as grounds for appeal does not overcome the presumption of effectiveness.

In his objections, the petitioner contends that had appellate counsel obtained the trial transcript as required of her, she would have noticed the error in the drafting of the charge. The alleged error that the petitioner refers to is the failure of the § 924(c) charge to state the element of any codified crime.

As the Court detailed above, there is no error in the jury instructions regarding Count Five, which properly sets forth the three elements that the government had to prove beyond a reasonable doubt. Because there is no error in the jury charge regarding § 924(c), the failure of appellate counsel to choose this issue as

grounds for appeal does not overcome the presumption of effectiveness. For these reasons, the petitioner's objection must be overruled.

      3.   <u>Ground Four (c) and (d)</u>

The petitioner's sixth and seventh grounds in support of his § 2255 motion set forth claims for ineffective assistance of appellate counsel for failure to challenge the improper indictment charge in Count Five, and failure to challenge the basis of the § 924(c) charge, respectively. In these claims, the petitioner rehashes his arguments that the jury instruction regarding Count Five was incorrect and that there was insufficient evidence to convict him on the § 924(c) charge. Because the magistrate judge had already addressed these claims and found them to be meritless, he concluded that appellate counsel could not be faulted for failing to choose them for review on appeal.

In his objections, the petitioner again asserts that "possession of a firearm in relation to a drug trafficking crime" fails to state any codified crime under § 924(c). (Pet'r's Objections 20.) The petitioner also argues that his appellate counsel should have argued the applicability of <u>United States v. Combs</u>, 369 F.3d 925 (6th Cir. 2004). According to the petitioner, the <u>Combs</u> case would have supported a partial remand of his case to remedy Count Five's defectiveness. (Pet'r's Objections 21.)

In <u>Combs</u>, the United States Court of Appeals for the Sixth Circuit held that the indictment charging possession of a firearm in furtherance of a drug trafficking crime was impermissibly amended by submission of jury instructions stating that the two elements of the charged offense were: (1) possession of a firearm; and (2) that the possession was during and in relation to a drug trafficking crime. <u>Combs</u>, 369 U.S. at 934-35. The Sixth Circuit found that this resulted in the defendant's conviction for an offense different than that charged in the indictment.

In this case, Count Five of the indictment charges the petitioner with possession of a firearm in relation to a drug trafficking crime. Count Five also states that the petitioner "knowingly use[d] and carr[ied] firearms . . . during and in relation to a drug trafficking crime . . . and in furtherance of such crime, did knowingly possess such firearms, all in relation to his possession with intent to distribute heroin and other controlled substances." As already explained, this Court instructed the jury:

> To find the defendant guilty of [Count Five], the government must prove three elements beyond a reasonable doubt: First, the defendant knowingly possessed a firearm; second, the possession of the firearm was during or in relation to a drug trafficking crime; and, third, that the possession was in furtherance of the drug trafficking crime.

(Trial Tr. 222: 19-25, Oct. 16, 2006.) Unlike the jury instructions in <u>Combs</u>, the instructions on Count Five in this case

match the conduct from the "possession" offense, and thus, the indictment was not impermissibly amended. For these reasons, the petitioner's objection must be overruled.

4. Strickland Standard

With regard to his ineffective assistance of appellate counsel claims, the petitioner also objects to the magistrate judge's application of the Strickland standard. On page four of his objections, the petitioner seems to assert that the Court should apply the standard for ineffective assistance of counsel set forth in United States v. Cronic, 466 U.S. 648 (1984). However, the petitioner acknowledges that this Court has repeatedly applied the Strickland standard to evaluate ineffective assistance of counsel claims.

Strickland and Cronic are companion cases, issued the same day, applying the same analysis but with a different emphasis. James v. Harrison, 389 F.3d 450, 455 (4th Cir. 2004). Both Strickland and Cronic direct that in order to prevail on an ineffective assistance of counsel claim, a defendant must make two showings: first, that counsel's performance was deficient; and second, that the deficient performance prejudiced the defense. Id. In Strickland, the Supreme Court set forth the familiar two-step test that a defendant must ordinarily meet to prevail on an ineffective assistance claim. Id. In Cronic, the Court reiterated the applicability of the two-step test. Id.

> Notwithstanding the similar analysis in the two cases, in
> the years since their issuance, courts and litigants have
> in shorthand manner distinguished a <u>Cronic</u> claim-in which
> because of some special circumstance, including complete
> denial of counsel, a defendant need not show prejudice-
> from a <u>Strickland</u> claim-in which a defendant must make
> that showing.

<u>Id.</u> at 455-56.  The instant case does not present any of the three situations in which prejudice is presumed.  <u>See</u> <u>Cronic</u>, 466 U.S. at 658-660.  Thus, the Court's application of <u>Strickland</u> is appropriate.

IV.  <u>Conclusion</u>

For the reasons stated above, this Court hereby OVERRULES the petitioner's objections and AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Accordingly, it is ORDERED that the petitioner's § 2255 motion be DENIED and DISMISSED WITH PREJUDICE.  Further, the petitioner's request for a new trial, request that the indictment be dismissed, request that his convictions on Counts Two and Five be vacated, and his request for an evidentiary hearing are DENIED AS MOOT.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty (60) days after the date that the judgment order in this case is entered.  <u>See</u> Fed. R. App. P. 4(a)(1).

This Court finds that it is inappropriate to issue a certificate of appealability. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 13, 2012


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE