IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LANCE D. YOUNG,

    Petitioner,

v.                                    Civil Action No. 5:09CV116
                                  (Criminal Action No. 5:05CR63)
UNITED STATES OF AMERICA,                  (STAMP)

    Respondent

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO AMEND JUDGMENT,
DENYING IN PART AND GRANTING IN PART
MOTION TO AMEND AND MOTION TO APPOINT COUNSEL,
GRANTING MOTION TO CORRECT MISSING ENTRY,
DENYING MOTION TO CORRECT THE RECORD, AND
GRANTING MOTION FOR RULING ON MOTION TO AMEND JUDGMENT**

I.  Procedural History

On October 29, 2009, Lance D. Young ("Young") filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. ECF No. 298. The petitioner was convicted in this Court by a jury trial and was later sentenced to four counts of a five-count indictment: Count One, conspiracy to possess with intent to distribute in excess of 100 grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); Count Two, possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count Three, aiding and abetting the possession with intent to distribute heroin, in violation of 21 U.S.C.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

§§ 841(a)(1), 841 (b)(1)(C), and 18 U.S.C. § 2; and Count Five, possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). This Court sentenced the petitioner to 360-months imprisonment on Counts One, Two, and Three, to run concurrently, and 60-months imprisonment on Count Five, consecutive to the term of imprisonment imposed for Counts One, Two, and Three, to be followed by eight years of supervised release.

In his petition, the petitioner asserts four main arguments: (1) prosecutorial misconduct when the Assistant United States Attorney ("AUSA") made improper comments intended to mislead the jury; (2) there was insufficient evidence to support the finding of the § 924(c) charge in the indictment; (3) trial counsel was ineffective; and (4) appellate counsel was ineffective. As relief, the petitioner requested a new trial, that the indictment be dismissed, that his convictions on certain counts be vacated, and that he be granted an evidentiary hearing.

This petition was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Kaull issued a report and recommendation recommending that the petition be denied and dismissed with prejudice. The petitioner then filed objections arguing: (1) the magistrate judge's report and recommendation procedurally barred

2

him without notice or opportunity to be heard; (2) the AUSA's comments to the jury caused him prejudice; (3) he was not in possession of a firearm; and (4) the jury was not properly instructed on the term "possession." Thereafter, this Court issued a memorandum opinion and order affirming and adopting the report and recommendation and dismissing the petitioner's § 2255 petition.

In response, the petitioner filed a motion to amend the judgment. ECF No. 300. In support of this motion, the petitioner argues: (1) the Court's decision is contrary to established law; (2) this Court erred by making unreasonable presumptions regarding the ineffective assistance of counsel claims; (3) this Court erred in applying Strickland v. Washington, 466 U.S. 668 (1984); (4) this Court erred in presuming that the performance of appellate counsel was effective; and (5) this Court overlooked errors in the indictment. The respondent did not file a response to the motion to amend judgment.

The defendant then filed a motion to amend issue under recent Supreme Court authority and to appoint counsel. ECF No. 304. In this motion, the defendant asserts that Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), are changes in the law which require this Court to reconsider its denial of his § 2255 petition. Those cases, he argues, provide the basis for his ineffective assistance of counsel claims because his attorney, Stephen D. Herndon, lied to him about the plea agreement

3

that had been entered into by his co-defendant. Further, the defendant asserts that Mr. Herndon incorrectly told the defendant that if he accepted a plea, he would still be subject to the career offender enhancement and a 360-month to life sentence. Further, the petitioner asserts that he should be provided appointed counsel.

The defendant then filed a motion to correct missing entry in docket sheet clarifying that ECF No. 304 was a motion. ECF No. 313. In the defendant's second motion to correct, he asserts that the clerk has incorrectly filed his motions in the criminal case and should have filed such motions in the civil case. ECF No. 317. Finally, the defendant filed a motion for ruling on his motion for reconsideration. ECF No. 319. In this motion, it appears to the Court that the defendant believes he has "appealed" the denial of the § 2255 petition by filing the motion for reconsideration.

For the reasons set forth below, this Court finds that the petitioner's motion to amend judgement is denied. Further, the petitioner's motion to amend and motion for appointed counsel is granted in part and denied in part. Additionally, the petitioner's motion to correct missing entry is granted and the petitioner's motion to correct record is denied. Finally, as this Court is ruling on the petitioner's motion to amend judgment, that motion is granted.

II.  <u>Applicable Law</u>

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. <u>Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." <u>Id.</u> A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. <u>Id.</u> It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).

Additionally, Federal Rule of Civil Procedure 52(b) allows a party to file a motion "no later than 28 days after the entry of judgment, [requesting that] the court [ ] amend its findings--or make additional findings--and [ ] amend the judgment accordingly."

III. Discussion

A. Ancillary Motions

After filing his initial motion to amend judgment, the petitioner filed four other motions. The second motion filed was a motion to amend which also included a motion to appoint counsel. This Court will consider the arguments made in that motion and thus, this Court grants such motion as far as it requests an amendment. However, this Court denies the petitioner's request for appointed counsel.

In contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional rights, the Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. §1915(e)(1). It is well settled that in a civil action, the Court should appoint counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

Upon review of the pending motion, the undersigned is of the opinion that the plaintiff has failed to show a particular need or exceptional circumstances that would require the assistance of a

trained practitioner. Accordingly, to the extent the plaintiff's motion seeks appointment of counsel, the motion is denied.

Additionally, the motion to amend and appoint counsel was initially not docketed as a motion but rather as a supplemental memorandum to the initial motion to amend. The petitioner thus filed a motion to correct missing entry. The Clerk of Court then docketed that entry as a motion. As such, the petitioner's motion to correct missing entry is granted as the relief sought has been given. The petitioner then filed a motion to correct the record requesting that his motions be filed in his civil case rather than his criminal action. However, this Court's policy and the policy of the Clerk of Court is that once a § 2255 petition is filed, a civil action is opened. Thereafter, all other motions are docketed in the underlying criminal docket. As such, the petitioner's motion is without merit and is denied as it was correctly docketed in the petitioner's criminal docket. Finally, as this Court is considering the petitioner's motion to amend judgment in this opinion and order, the petitioner's motion for a ruling on his motion is granted.

B. Motion to Amend Judgment

In the petitioner's motion to amend judgment, the petitioner generally asserts that this Court overlooked certain facts and case law that would have resulted in the petition being granted. However, at the end of the motion, the petitioner requests that

7

this Court sua sponte consider a sentencing error. He contends that this Court may disagree with the sentencing guidelines as long as it follows the statutory requirements and that the petitioner should not have been sentenced as a career offender. In his motion to amend, the petitioner asserts that this Court should consider the cases of <u>Lafler</u> and <u>Frye</u> as they support the petitioner's claims of ineffective assistance of counsel.

1. <u>Issues with the Indictment</u>

The petitioner reiterates his argument as to Count Five of the indictment which alleges that he was unconstitutionally convicted pursuant to § 924(c)(1). However, in its opinion and order, this Court made several findings as to the petitioner's conviction on Count Five. First, this Court found that the claim could have been raised on appeal and that the petitioner failed to show that his counsel's assistance fell below an objective standard of reasonableness or prejudiced him and thus, the claim is procedurally barred. Next, this Court found that the petitioner was in possession of the firearm as evidence was adduced at trial that the petitioner both sold drugs and possessed firearms. <u>See</u> <u>United States v. Perry</u>, 560 F.3d 246, 254 (4th Cir. 2009). The petitioner has disputed only one purchase, the Grose purchase, although there were other purchases admitted into evidence at trial. Thus, even without that purchase, it is speculative that the petitioner's conviction on Count Five would be overturned.

Further, this Court found that the jury instructions were not misleading. This Court provided the jury with lengthy instructions regarding "possession" and did not confuse such term with "use." Accordingly, the petitioner has failed to show that his conviction for possession of a firearm in furtherance of his drug business was sufficiently proven. Finally, the petitioner's claim that Count Five should have been challenged by his counsel and thus, he received ineffective assistance is without merit. Based on this Court's finding, restated above, it is clear that petitioner's conviction as to Count Five was legitimate. Thus, it would not be unreasonable for counsel to forego a challenge of Count Five.

In his motion to amend judgment, the petitioner simply reiterates the arguments he made in his petition and in objections to the magistrate judge's report and recommendation. This Court has reviewed its findings as stated in its opinion and order, restated above, and finds no misapplication of the law. As such, it is apparent that as to his arguments regarding his conviction on Count Five, the petitioner is simply attempting to relitigate old matters and is not entitled to the relief requested. <u>Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998).

2. <u>Ineffective Assistance of Counsel</u>

Again, this Court finds that in the petitioner's motion to amend judgment, he is simply attempting to relitigate old matters. However, given that the petitioner amended his motion and this

9

Court has granted such amendment, this Court will consider the applicability of Lafler and Frye to this action.

The petitioner contends in his motion to amend that his counsel incorrectly counseled him in regards to accepting or rejecting a plea agreement and thus, he decided to proceed to a jury trial. The petitioner asserts that his trial counsel, Stephen D. Herndon, incorrectly told him that he would face a sentence of 360-months to life imprisonment if he accepted a 169-month plea agreement from the government or did not. Thus, the petitioner asserts that he denied the plea agreement reasoning that, as he was going to be sentenced as a career offender plea agreement or not, he should take his chances at a jury trial. The petitioner argues that this advice was incorrectly given and that he would not have been eligible for a career offender enhancement had he taken the plea agreement and thus would have received a shorter sentence.

In Frye, the Supreme Court set forth the rule that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 132 S. Ct. at 1408. Clearly, based on the petitioner's assertions, Frye is not applicable to the allegations of the petitioner. In this case, Mr. Herndon did not fail to convey the government's offer of a plea agreement to the petitioner. Rather, the petitioner is asserting that Mr. Herndon failed to accurately convey the details of the plea agreement and

failed to accurately convey how the sentencing guidelines would be applied to the petitioner pursuant to that plea agreement. Thus, Frye is not applicable to the petitioner's case.

However, Frye's general standards can be used to guide this Court's analysis otherwise. To establish Strickland prejudice, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 446 U.S. at 694. In the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice. See Frye, 132 S. Ct. at 1388-89 (noting that Strickland's inquiry, as applied to advice with respect to plea bargains, turns on "whether 'the result of the proceeding would have been different[.]'"). Lafler, 132 S. Ct. at 1384.

This Court finds that the petitioner has not shown that the result of the plea process would have been different. It is unclear from the petitioner's recitation of the facts what exactly Mr. Herndon's advice was as to the applicability of the guidelines and the career offender enhancement under the guidelines. This Court can find, as one alternative to petitioner's view of the facts, that Mr. Herndon told the petitioner that he would still be subject to the career offender enhancement because this Court has the ability to accept the petitioner's plea but not the recommendations provided in the plea agreement. This is so because

11

although this Court is guided by the guidelines, the guidelines are advisory not mandatory upon this Court and this Court may sentence a convicted person outside of the advisory guideline range as long as such sentence is within the statutory limits. United States v. Booker, 543 U.S. 220, 255 (2005). Further, any nonbinding recommendations made pursuant to a plea agreement are not binding upon the Court. Fed. R. Crim. P. 11(c)(1)(B). As such, Mr. Herndon may have informed the petitioner that he was still vulnerable to a career offender enhancement even though there was an available plea agreement with a much more lenient sentence.

Additionally, upon review of the petitioner's presentence report, this Court notes that the probation officer did find that the petitioner was a career offender pursuant to U.S.S.G. § 4B1.1(b). Further, given the counts upon which the defendant was found guilty, the defendant was vulnerable as to Count One and Count Five, to a maximum statutory life sentence. 21 U.S.C. §§ 846, 841(b)(1)(B), 851; 18 U.S.C. § 924(c)(1)(A)(I). Thus, as there are other alternatives theories as to why Mr. Herndon advised the petitioner that he may still receive a more harsh sentence despite the plea agreement, this Court cannot find that the petitioner was prejudiced by Mr. Herndon's advice or that the plea process would have ended in a different result. Accordingly, the petitioner's motion to amend judgment is denied.

IV. Conclusion

Based on the above, this Court finds that the petitioner's motion to amend judgment (ECF No. 300) is DENIED. Further, the petitioner's motion to amend his motion to amend judgment (ECF No. 304) is DENIED IN PART and GRANTED IN PART. The petitioner's motion to correct missing entry (Criminal ECF No. 313 and Civil ECF No. 11) is GRANTED. Additionally, petitioner's letter motion to correct the record (ECF No. 317) is DENIED. Finally, the petitioner's letter motion for ruling on his motion to amend judgment (ECF No. 319) is GRANTED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED: September 25, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE