IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LANCE D. YOUNG,

    Petitioner,

v.                                              Civil Action No. 5:16CV109
                                                     (Criminal Action No. 5:05CR63-01)
UNITED STATES OF AMERICA,                      (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION THAT PETITIONER'S
28 U.S.C. § 2255 PETITION BE DENIED**

I. Background

The pro se petitioner, a federal inmate, filed a motion under 28 U.S.C. § 2255. In that motion, the petitioner requests that the Court reconsider and set aside the judgment in his criminal case pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). The petitioner argues that Johnson invalidated the residual clause of the career offender enhancement in the Sentencing Guidelines and, thus, that he does not qualify for a § 4B1 enhancement because he does not have two prior convictions that qualify as predicate offenses under § 4B1.2(a).

Previously, the petitioner was convicted of four counts from a five-count indictment after a four-day trial. He was found guilty in Count One of conspiracy to possess with intent to distribute in excess of 100 grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); in Count Two of possession with

intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); in Count Three of aiding and abetting the possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; and in Count Five of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I).  The petitioner filed a direct appeal with the United States Court of Appeals for the Fourth Circuit, in which the appellate court affirmed the district court's judgment.  The petitioner's petition for writ of certiorari with the United States Supreme Court was also denied.

The petitioner filed his first motion to vacate under § 2255, which was dismissed on the merits.  The petitioner's motion to amend that judgment was denied, and the Fourth Circuit subsequently dismissed his appeal.  The Fourth Circuit later accepted a petition for rehearing and rehearing en banc as timely filed, but also denied that petition.  This Court then received a letter addressed to the public defender inquiring about Johnson.  In response to a subsequent notice of deficient pleading, the petitioner indicated that he did not intend to open a § 2255 motion but wanted only the advice of the public defender.  However, he also indicated that he wished to preserve a claim under Johnson, and the Court later entered an order dismissing the motion and advising the petitioner that he must take affirmative steps if he wishes to seek relief under Johnson.

2

The petitioner's pending third § 2255 motion asks this Court to set aside the judgment in his criminal case pursuant to Johnson. Specifically, the petitioner alleges that Johnson invalidated the residual clause of the career offender enhancement in the Sentencing Guidelines in addition to the residual clause in the Armed Career Criminal Act. The petitioner argues that he does not qualify for a career offender enhancement under § 4B1 of the Sentencing Guidelines because he does not have two prior convictions that qualify as predicate offenses under § 4B1.2(a).

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Judge Michael John Aloi for initial review and report and recommendation. In his report and recommendation, the magistrate judge recommends that the petition be dismissed. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections. For the following reasons, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld

3

unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his report and recommendation, the magistrate judge correctly found that the petitioner's pending § 2255 motion is a second or successive habeas corpus motion because the petitioner's first § 2255 motion was dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) (stating that, for a motion to be considered successive, a prior motion must have been dismissed on its merits). Thus, the petitioner was required to obtain authorization from the Fourth Circuit before filing the successive motion. Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The petitioner did not obtain this authorization as is required by § 2255(h). Furthermore, the magistrate judge noted that the Fourth Circuit actually denied authorization to file a successive § 2255 motion on June 6, 2016, upon finding that, even if Johnson were applicable, the petitioner still qualifies as a

4

career offender because he has the requisite number of controlled substance offenses. Therefore, the magistrate judge recommended that the petitioner's petition be dismissed.

This Court finds no error in the above determinations of the magistrate judge and thus upholds his recommendation.

IV. Conclusion

Accordingly, after a review for clear error, the report and recommendation of the magistrate judge (ECF No. 7/361) is AFFIRMED and ADOPTED in its entirety. The petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (ECF No. 1/355) is DENIED. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 11, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE